# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| WILFORD WOODRUFF, | ) |
| Plaintiff, | ) |
| v. | ) Case No. CV407-174 |
| McARTHUR HOLMES, *Jail Administrator*; AL St. LAWRENCE, *Sheriff*; PRISON HEALTH SERVICES, INC.; J. SIMMONS, *Nurse*; LINDA POOLE, *Prior Health Services Administrator*; and JANE DOE, *Current Health Services Administrator*; | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Plaintiff Wilford Woodruff has filed a complaint pursuant to 42 U.S.C. § 1983 against defendants alleging that they denied him necessary medical care while he was confined at the Chatham County Jail. (Doc. 1.) On November 26, 2007, the Court granted him leave to proceed *in forma pauperis* on the condition that he return a Prisoner Trust Account Statement form and a Consent to Collection of Fees from Trust Account form within thirty days of the order. The Court informed plaintiff that his failure to return these forms would result in a recommendation that this

case be dismissed. Plaintiff has returned the two forms; the case is therefore ready to proceed. (Docs. 4, 5.)

I. **LEGAL FRAMEWORK**

Congress enacted the Prison Litigation Reform Act of 1995 (PLRA), Pub. L. No. 104-134, 110 Stat. 1321–71, to establish procedures to govern civil complaints filed in federal court by prisoners and other detainees. Among the PLRA's procedures is the requirement for this Court to conduct an early screening in all civil cases of any complaint in which a prisoner seeks redress from a government entity or official. See 28 U.S.C. § 1915A. The purpose of the early screening is to "identify cognizable claims" in the prisoner's complaint and to dismiss any claims that: (1) are frivolous; (2) are malicious; (3) fail to state a claim upon which relief can be granted; or (4) seek monetary relief from a defendant immune from such relief. Id. Similarly, 42 U.S.C. § 1997e(c)(2) allows the Court, under the same four standards for dismissal listed in § 1915A, to dismiss any prisoner suit brought "with respect to prison conditions." Therefore, the Court will examine plaintiff's complaint to determine whether he has stated a claim

for relief under 42 U.S.C. § 1983.

## II. BACKGROUND

Plaintiff, who is still confined in the Chatham County Jail, alleges that the defendants denied him necessary medical treatment for an injury to his left wrist. (Doc. 1.) He contends that the deprivation violated his federal constitutional rights, his rights under the Georgia State Constitution, and other undisclosed state laws. (Id. at 14.)[1] Additionally he claims that the denial of medical care "amounted to negligence[,] gross negligence[,] or malpractice under state tort law." (Id.) He asks the Court to issue a preliminary and permanent injunction requiring the jail to hire a sufficient number of qualified medical personnel to provide adequate medical treatment. (Id. at 15.) He also seeks compensatory and punitive damages and demands a trial by jury. (Id.)

The facts alleged in the complaint are as follows. On June 8, 2007, plaintiff "fell on the concrete yard ground," injuring his left wrist. (Id. at 9.) He asked to see a doctor (apparently by filing a medical request form),

---

[1] When referencing the complaint (Doc. 1), the Court cites to plaintiff's handwritten page numbers.

3

but treatment was delayed because "there was no doctor on duty [on] weekends." (Id.) A nurse provided plaintiff with ice to help with swelling, but he was not given any medication. (Id.) The nurse assured plaintiff that he would be seen by a doctor after the weekend. (Id.) Two weeks passed without any treatment, however, so plaintiff submitted a second medical request form. (Id.) During that period, plaintiff repeatedly asked defendant Simmons, a nurse at the facility, for "tylenol or something to relieve the pain." (Id. at 10.) She refused to dispense anything and told him he needed to submit a medical request. (Id.)

On July 2, 2007, plaintiff was finally seen by a physician's assistant in the jail's infirmary. (Id.) The physician's assistant scheduled a doctor's appointment for July 16, 2007. (Id.) At the appointment, the "doctor gave [plaintiff] a wrist brace, scheduled [him] for x-rays, and said [he] would receive medication for pain and swelling." (Id.) The promised pain medication never arrived. (Id.) Nurse Simmons continually refused to give plaintiff any pain medication, telling him to submit yet another medical request. (Id.)

On September 12, 2007, Nurse Simmons told plaintiff that the x-rays

revealed a "bone cyst" in his wrist. (Id. at 11.) She told him that surgery to remove the cyst was elective, so he would be expected to seek treatment on his own when released from jail. (Id.)

## III. ANALYSIS

### A. Denial of Necessary Medical Care

Plaintiff alleges that the defendants violated his civil rights by denying him necessary medical care for his injured wrist.[2] (Id. at 14.) To state a constitutional claim for the deprivation of necessary medical care, plaintiff must show that the prison or jail officials exhibited "deliberate indifference" to his "serious" medical needs. Estelle, 429 U.S. at 104.

Estelle did not elaborate upon the meaning of a "serious" medical need but simply recognized a constitutional requirement to attend to any medical condition that could cause "unnecessary suffering" if left untreated. 429 U.S. at 103. The Eleventh Circuit has defined a serious medical need

---

[2] It is unclear whether plaintiff was a pretrial detainee or convicted prisoner at the time of his injury. Although technically the Fourteenth Amendment Due Process Clause, rather than the Eighth Amendment prohibition of cruel and unusual punishment, governs pretrial detainees, "the standards under the Fourteenth Amendment are identical to those under the Eighth." Goebert v. Lee County, No. 06-10606, 2007 WL 4458122, at *11 (11th Cir. Dec. 21, 2007). Hamm v. DeKalb County, 774 F.2d 1567, 1572 (11th Cir. 1985).

5

as "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Hill v. DeKalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir. 1994) (citations omitted), overruled on other grounds, Hope v. Pelzer, 536 U.S. 730, 739 (2002). It "must be 'one that, if left unattended, pos[es] a substantial risk of serious harm.'" Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003) (citations omitted). It is not altogether clear from plaintiff's complaint that he had a serious medical need that required a doctor's attention. Not every sprain resulting from a slip and fall—even if quite painful when it first occurs—requires urgent medical attention or any treatment whatsoever (beyond, perhaps, the application of an ice pack to help reduce swelling, which plaintiff admits he received from the nurse on duty). Plaintiff, however, alleges that he suffered from "severe pain" that persisted for some time and that he was denied any pain medication despite his repeated requests and a doctor's promise to provide an analgesic. (Doc. 1 at 9.) Allowing a prisoner or detainee to suffer extreme pain for a prolonged period qualifies as a "serious" medical problem, even if the source of the pain is a relatively

minor condition. Ledford v. Sullivan, 105 F.3d 354, 359 (7th Cir. 1997); Miller v. Hays State Prison, No. 106cv3118, 2007 WL 879585, at *4 (N.D. Ga. Mar. 20, 2007). Thus, giving plaintiff's pro se complaint a liberal construction, the Court finds that the alleged facts evidence an objectively serious medical need. See, e.g., Brown v. Hughes, 894 F.2d 1533, 1538 (11th Cir. 1990) (painful broken foot can be serious medical need).

Next, the Court must determine if the defendants were deliberately indifferent to plaintiff's serious medical need. Deliberate indifference requires a showing of "obduracy and wantonness, not inadvertence or error in good faith." Adams, 61 F.3d at 1543 (quoting Whitley v. Albers, 475 U.S. 312, 319 (1986)). The Supreme Court, articulating a more precise definition, has stated that deliberate indifference requires the same mental state as criminal recklessness. "The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994); see Goebert, 2007 WL 4458122, at *11 (to show deliberate indifference, plaintiff must prove (1) defendant's subjective knowledge of a risk of serious harm, (2) his disregard of that risk, (3) by

conduct that is more than gross negligence).

Plaintiff has clearly alleged that Nurse Simmons and Prison Health Services (PHS)[3] were deliberately indifferent to his serious medical needs. The complaint is replete with allegations that Simmons refused to provide plaintiff with any medicine or treatment for the swelling and pain in his wrist though "she knew of the swelling . . . and she was aware of the pain I was suffering." (Doc. 1 at 12.) She "consistently denied me any medication or schedule [sic] me to see the doctor." (Id. at 10.) Furthermore, he states that PHS "knew of my injury and the severe pain I was suffering, but they deliberately and repeatedly refused to provide me treatment." (Id.) Taken as true, these facts indicate that the defendants were both aware of and disregarded a serious risk of harm to plaintiff. Farmer, 511 U.S. at 837. Accordingly, these defendants should be served so that they may answer plaintiff's allegations.

Plaintiff's claims against the jail administration and PHS supervisory officials present a closer call, as claims brought pursuant to § 1983 cannot

---

[3] Although Prison Health Services is a private corporation, because it contracted with the jail to provide inmate health care services, PHS is "the functional equivalent of [a] municipality," Buckner v. Toro, 116 F.3d 450, 452 (11th Cir. 1997), and is deemed a "state actor" under § 1983. Ancata v. Prison Health Services, Inc., 769 F.2d 700, 703 (11th Cir. 1985).

8

be based upon theories of vicarious liability or respondeat superior. Polk County v. Dodson, 454 U.S. 312, 325 (1981); Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978). Rather, the plaintiff must demonstrate either that the individual defendant directly participated in the alleged constitutional deprivation or that there is some other causal connection between the official's acts or omissions and the alleged constitutional deprivation. Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988) (per curiam).

Regarding the PHS administrators, plaintiff alleges that they "knew of my injury and the severe pain I was suffering, but they deliberately and repeatedly refused to provide me treatment." (Doc. 1 at 11.) Accordingly, he has alleged facts sufficient to establish direct participation on the part of the PHS administrators, and they should therefore be served with the complaint.

There are no allegations in the complaint, however, that indicate direct participation on the part of defendants Holmes or St. Lawrence. Plaintiff sent them letters, which he apparently believes should have put them on notice of the alleged deprivation. (Id. at 11, 13.) But it is not

enough that they be on notice. To establish direct participation on the part of a defendant, the defendant must "draw the inference" that lack of treatment would place plaintiff in "a substantial risk of serious harm." Farmer, 511 U.S. at 837. There are no facts in the complaint indicating that these defendants recognized that the prison medical staff was providing inadequate care for plaintiff's medical problems.

Absent direct participation, a causal connection may be established by showing that a supervisory official implemented or allowed to continue an official policy or an unofficially adopted policy or custom under which the violation occurred. Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986); Fundiller v. Cooper City, 777 F.2d 1436, 1442 (11th Cir. 1985). Plaintiff must show that the supervisor's knowledge amounted to deliberate indifference to the asserted harm or risk, in that his knowledge was "so pervasive that the refusal to prevent harm rises to the level of a custom or policy of depriving inmates of their constitutional rights." Tittle v. Jefferson County Comm'n, 10 F.3d 1535, 1541-42 (11th Cir. 1994) (Kravitch, J., concurring). Plaintiff states that PHS and the Chatham County Jail have a joint policy "to deny inmates necessary pain medication

and treatment in order to save money." (Doc. 1 at 12.) He further alleges that St. Lawrence knew of and adopted this policy. (Id. at 13.) Consequently, plaintiff has sufficiently alleged a causal connection which requires service upon St. Lawrence. The complaint, however, does not indicate that Holmes was involved in setting or maintaining this policy. Plaintiff's claim of denial of necessary medical care against defendant Holmes should therefore be dismissed.

### B. Equal Protection and Claims under Georgia's Constitution and Laws

Plaintiff generally alleges that the defendants violated his right to equal protection under the Fourteenth Amendment, the laws of the state of Georgia, and the Georgia State Constitution. (Id. at 14.) He provides no factual basis to support or explain these claims anywhere in his complaint.

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of this rule is "to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v.

Gibson, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." Id. at 1964–65. These conclusory allegations fail the mandatory pleading requirements of the federal rules and should therefore be dismissed.

### C. Remaining State Law Tort Claims

Plaintiff's remaining claims arise from Georgia state tort law. (Doc. 1 at 14.) The Court accepts plaintiff's invitation to exercise supplemental jurisdiction over these claims pursuant to 28 U.S.C. § 1367.

## IV. CONCLUSION

For all of the above reasons, plaintiff's conclusory claims under the Equal Protection Clause of the Fourteenth Amendment, the Georgia Constitution, and Georgia law should be **DISMISSED**, though plaintiff's Georgia state tort law claims survive initial review. The claim of deprivation of necessary medical care against defendant McArthur Holmes

should likewise be **DISMISSED**, but Holmes should be served with a copy of the complaint in order to address plaintiff's state tort law claims.

All other claims survive initial review under 28 U.S.C. § 1915. Accordingly, the Clerk is **DIRECTED** to forward a copy of plaintiff's complaint and this Report and Recommendation to the United States Marshal for service upon each defendant.

**SO REPORTED AND RECOMMENDED** this 24Th day of January, 2008.

_____
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**